IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SARAH CARTEE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 4:24-cv-50 |
| § | |
| BBK BUSINESS, LLC, BIJAYA BHUSAL § | |
| AND DIRGA KANDEL, INDIVIDUALLY, § | |
| § | |
| Defendants. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Sarah Cartee ("Cartee") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.  For cause of action, she respectfully shows as follows:

## I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers.  *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants have violated the FLSA by failing to pay Cartee, a non-exempt nightshift manager, in accordance with the guarantees and protections of the FLSA.  Defendants have failed and refused

to pay Cartee at time-and-one-half her regular rate of pay for all hours worked in excess of forty hours within a workweek, although Defendants had full knowledge that Cartee was non-exempt and consistently worked over forty hours per workweek.

## II. PARTIES

3. Plaintiff Sarah Cartee is an individual residing in Grayson County, Texas.

4. BBK Business, LLC ("BBK") is a domestic limited liability company doing business as Sherwood Food Mart that employed Cartee in Grayson County, Texas.

5. BBK's registered agent for service of process is Bijaya Bhusal, who may be served at 237 Manchester Dr., Apt. 182, Euless Texas 76039-6125.

6. At all times relevant to this claim, BBK was an employer of Cartee as defined by 29 U.S.C. §203(d).

7. Bijaya Bhusal ("Bhusal") was and is one of the owners of BBK and was also Cartee's supervisor.

8. Bhusal is an individual residing in or around Grayson County, Texas.

9. At all times relevant to this claim, Bhusal was an employer of Cartee as defined by 29 U.S.C. §203(d).

10. Dirga Kandel ("Kandel") was and is one of the owners of BBK and was, along with Bhusal, also Cartee's supervisor.

11. Kandel is an individual residing in or around Grayson County, Texas.

12. At all times relevant to this claim, Kandel was an employer of Cartee as defined by 29 U.S.C. §203(d).

13. Bhusal and Kandel acted directly or indirectly in the interest of BBK in relation to Cartee's employment.

14. Bhusal and Kandel exercised managerial responsibilities and substantial control over employees

of BBK, including Cartee.

15. Bhusal and Kandel exercised managerial responsibilities and substantial control over the terms and conditions of employees of BBK, including the terms and conditions of Cartee's employment.

16. Bhusal and Kandel had and exercised their authority to hire, fire and direct employees of BBK, including Cartee.

17. Bhusal and Kandel had and exercised their authority to supervise and control the employment relationships and work schedules of employees of BBK, including Cartee.

18. Bhusal and Kandel had and exercised their authority to set and determine the rate and method of pay of employees of BBK, including Cartee.

19. Bhusal and Kandel had and exercised their authority to decide whether employees of BBK, including Cartee, received overtime compensation.

20. Bhusal and Kandel also kept and maintained employment records for employees of BBK, including Cartee.

### III. JURISDICTION AND VENUE

21.  This Court has subject matter jurisdiction in this matter because Cartee asserts claims arising under federal law.  Specifically, Cartee asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.  This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331.  This Court also has personal jurisdiction over all parties to this action.

22. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Grayson County, Texas, which is in this District and Division.  Cartee was an employee of Defendants, and performed work for Defendants in and around Grayson County, Texas.  Defendants are subject to this Court's personal jurisdiction with

respect to this civil action. Defendants thus reside in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

23. At all relevant times, Defendants have, jointly or individually, acted, directly or indirectly, in the interest of an employer with respect to Cartee.

24. At all relevant times, Defendants have, jointly or individually, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25. At all relevant times, Defendant BBK had been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

26. At all relevant times, Defendant BBK has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that BBK is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and does have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

27. At all times hereinafter mentioned, Cartee was an individual "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

28. As an employee of Defendants, Cartee handled items such as cell phones, computers, food, beverages and cleaning supplies as well as other items that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V. FACTUAL ALLEGATIONS

29. Defendants operate a number of convenience stores in Texas.

30. Cartee was employed by Defendants at their convenience store located in Grayson County known as Sherwood Food Mart.

31. Cartee was a nightshift manager.

32. At all times, Cartee's weekly compensation was below $684.00 per week.

33. As such, Defendants did not pay Cartee the minimum salary needed for Cartee to qualify under any of the FLSA's exemptions.

34. As such, Defendants were required to pay Cartee overtime premiums for all hours worked over forty hours per week.

35. Cartee routinely worked long hours and consistently worked more than forty hours per week, as she generally worked a six-day week.

36. At no time did Defendants pay Cartee overtime compensation for any hours worked over forty per week.

37. Defendants were fully aware of their obligations to pay overtime compensation to non-exempt employees such as Cartee.

38. In fact, Defendants even developed an overtime policy for their hourly employees whereby they refused to pay these individuals overtime premiums unless and until they worked more than 80 hours in a two-week period. Even then, once these employees exceeded 80 hours per week, Defendants would only pay them for their overtime hours in cash, under the table.

39. Defendants purposefully ignored their obligations to pay overtime compensation to non-exempt employees such as Cartee.

40. Defendants have knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation to Cartee for her overtime hours.

## VI. CAUSE OF ACTION:

### A.  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

41. Cartee incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

42. During the relevant period, Defendants have violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees, including Cartee, in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours, without compensating such employees, including Cartee, for work in excess of 40 hours per week at rates no less than one-and-one-half times the regular rate for which such employees, including Cartee, were employed.  Defendants have acted willfully in failing to pay their non-exempt employees, including Cartee, in accordance with applicable law.

## VII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, upon final hearing of this cause, Plaintiff Sarah Cartee prays for judgment against Defendants BBK Business, LLC, Bijaya Bhusal, and Dirga Kandel, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Cartee and for liquidated damages equal in amount to the unpaid compensation found due to Cartee;

b. For an Order awarding Cartee reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

      c.      For an Order awarding Cartee pre-judgment and post-judgment interest at the highest rates allowed by law;

      d.      For an Order awarding Cartee declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and

      e.      For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**WELMAKER LAW, PLLC**
409 N. Fredonia, Suite 118
Longview, Texas 75601
Tel: (512) 499-2048

By:  */s/ Douglas B. Welmaker*
       Douglas B. Welmaker
       Texas State Bar No. 00788641
       doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**