IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **SARAH CARTEE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Case No. 4:24-cv-50-SDJ |
| | § | |
| **BBK BUSINESS, LLC, BIJAYA BHUSAL** | § | |
| **AND DIRGA KANDEL, INDIVIDUALLY,** | § | |
| | § | |
| **Defendants.** | § | |

## MOTION REQUESTING DISMISSAL WITH PREJUDICE CONTINGENT UPON THE COURT'S RETENTION OF LIMITED CONTINUING JURISDICTION

TO THE HONORABLE COURT:

Plaintiff Sara Cartee brings this Motion Requesting Dismissal With Prejudice Contingent Upon the Court's retention of Limited Continuing Jurisdiction, and in support thereof and would show as follows:

1. This case is an individual action brought under the federal Fair Labor Standards Act ("FLSA"), through which Plaintiff sought to recover from Defendants unpaid overtime wages, liquidated damages, interest, litigation costs, expenses, and attorneys' fees.

2. After extensive negotiation, the Plaintiff and counsel for Defendants have come to an agreement to settle and compromise any and all matters and disputes in the above-referenced cause.

3. Plaintiff and Defendants have signed a settlement agreement whereby all payments required under the parties' settlement agreement are to be paid out over the course of several months, with the last payment being due on or about March 1, 2025. Plaintiff and Defendants

have agreed to the Court's retention of continuing ancillary jurisdiction through this period in order to permit this payout, and in the event, for whatever reason, the payout does not occur as anticipated.

4. The parties' request for dismissal with prejudice is contingent upon the Court's retention of continuing ancillary jurisdiction through March 1, 2025 in order to permit payout of the settlement amounts.

5. Subject to the Court's retention of continuing jurisdiction as requested above, Plaintiff moves for the administrative closure and dismissal with prejudice of the above-styled and numbered lawsuit and all claims therein.  The parties shall each bear their own costs except as provided in their settlement agreement.

WHEREFORE, PREMISES CONSIDERED, Plaintiff moves that, in accordance with the agreement of the parties, that the Court retain continuing ancillary jurisdiction over enforcement of this cause through March 1, 2025 in order to permit Plaintiff to seek this Court's assistance should the settlement agreement payouts not proceed as anticipated.  Contingent upon the Court's retention of such jurisdiction, Plaintiff moves that the Court administratively close this cause and dismiss this cause with prejudice to its refiling.

Respectfully Submitted,

**WELMAKER LAW, PLLC**
409 N. Fredonia, Suite 118
Longview, Texas 75601
Tel: (512) 499-2048

By: */s/ Douglas B. Welmaker*
     Douglas B. Welmaker
Texas State Bar No. 00788641
doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

  I certify that on this the 27th day of September 2024, I electronically submitted this document for filing using the Court's CM/ECF system, and forwarded same to defense counsel, who has already approved of this filing.

                     */s/ Douglas B. Welmaker*
                     Douglas B. Welmaker